Next case for argument. 222731, Angela Cantrell v. Coloplast, et al. All right, good morning, Mr. Burns, we'll hear from you first. Good morning, Your Honors, and may it please the Court, I'm Thomas Burns and I represent Ms. Cantrell. Dr. Gold's supplemental declaration didn't materially alter his conclusions or perform any new work. Instead, it clarified the differential ideology he had already actually performed and it easily satisfied Daubert's requirements. But the district court ignored it because it said that the expert disclosure deadline had already expired six months earlier and instead focused on the original report. And without sifting through the medical evidence on which Dr. Gold had relied, it said there was an analytical gap between his conclusions and the underlying data. This is an abuse of discretion in two ways. The first is that it misapplied Rule 26 and the second is that it misapplied Rule 37. And I'd like to jump straight to Rule 37 because I think that's the simplest and narrowest ground for reversal here. Rule 37c1 has a default rule and an exception. The default rule says, if you're untimely with a disclosure or a supplement, you can't use that information at a hearing, in a motion, or a trial unless the failure was substantially justified or is harmless. And then there's an exception, the following sentence, it says, in addition to or instead of this sanction, you can, the district court can order other sanctions, such as paying reasonable expenses, telling the jury, and so forth. So we are arguing that the default rule was never triggered because the late, any late disclosure was harmless. And even if it was triggered, the court still needed to perform additional analyses under this Court's case law dealing with whether lesser sanctions were not just available but like appropriate to fix the problem here. So focusing on harmlessness, one of the key facts is we never actually had a trial date. We had a trial-ready date. And even until that trial-ready date, we had 70 days until the trial, that trial-ready date within which Coloplast could have deposed Dr. Gold and briefed Daubert again if it saw fit. And this isn't like a typical trial where there were like multiple continuances of the trial date. Number one, there wasn't the trial date, and there's only one 29-day continuance, or extension rather, of the original trial-ready date. So this case was moving along pretty quickly for this kind of matter. There's also no surprise here that Coloplast has actually deposed Dr. Gold before, and that was indicated at the hearing, at the Daubert hearing in this case. The plaintiff's lawyer mentions a Baccaro against Coloplast Corp. case that was litigated in the Northern District of New York. If you pull that docket, which is case 1-19-CV-1088, you'll see that he was deposed in that case. That's document 49-5, and 60, I believe, is the order itself indicating that he was deposed in the Northern District of New York. And that's mentioned at the Daubert hearing in this case, at pages 38 and 39, 42 and 58 and 59. So this report was a — How does that — is this a harmless argument? Yes. It goes to surprise. So the point is, he comes forward with the supplemental declaration, and the first question under Rule 37c1 is, is it substantially justified or harmless? We're not advancing the substantially justified — that the tardiness was substantially justified. We're arguing, at least here, that it was harmless. And here — Does harmless include cost? Well, see, that would be one of the things that could be talked about as an alternative lesser remedy. Right. But does the rule imply that cost is a harm, and just give the court the option of the lesser sanction? I'd like to push back a little bit on that notion, because the difference — It's an honest question. Yes. The difference is, they didn't already depose him, so there's no additional cost if there had been a timely disclosure of the supplemental declaration in the first place. So it's not imposing on them an additional cost in that sense. But if you — if you disagreed, and you said, no, there was an additional cost, therefore it's not harmless, then you go to the next step of the analysis, which is like, okay, a default rule is triggered under the default rule, it's excluded in a motion, in a trial, in a hearing, unless the district court exercises discretion to impose additional sanctions or a different set — sanction in lieu of exclusion. Yeah. But then you're arguing not harmlessness, you're arguing it was an abuse of discretion not to choose a different sanction. That's correct. Not even to not choose a lesser sanction, but not even to consider a lesser sanction. I think the Hartland Bank — Did you argue for a lesser sanction? Or did the court just do this on its own? I think the court just did this on its own. We submitted the supplemental declaration along with our response to the Daubert motion, and then there was argument at the hearing. I think it was Koloplast, actually, who said, like, well, if you disagree with us and you want to consider this supplemental declaration, we'd at least like the opportunity to depose him, naturally. And we would not have opposed that, but I'm not sure that we said — the hearing would indicate what it was, actually, that we said. Is there any authority that the judge has to go through these alternatives and make a record on why it didn't select one of them? Absolutely. Under this court's authority, the Hartland Bank case is a great authority. That's a 2003 decision. And there, the conduct was really pretty extraordinary on the plaintiff's part. They basically were playing hide-the-ball with the defendant, and the judge was justifiably very annoyed, and that's why there was this death penalty sanction against the plaintiff's case in that case. Another authority is Petroni v. Warner Enterprises. That's a case that you know very well. You dissented in the first one. It bounced back up. It was vacated again, and I just checked the docket, and it's been appealed a third time, so you'll get to enjoy that case one more time. Which case was that? Petroni. The Petroni v. Warner Enterprises. It's a wage class action out of Nebraska. Okay. Actually, Werner. Werner. You're mispronouncing it. It's Werner, not Warner. Okay. Go ahead. Okay. So we're saying that you needed to consider those lesser sanctions. That's step one, and if you don't consider the lesser sanctions, that's an automatic vacation of the judgment, and what the appellate remedy would be is you just send it back down to the district court and say, okay, you've got to finish your analysis here. Do this analysis, and then we'll take up any further appeal. But you don't necessarily have to do that. You could look at the record yourself and say, well, there's no extreme or egregious circumstances here. Essentially, what's happened is the plaintiff has submitted a suboptimal expert report and then fixed the inadvertent mistake, and that is another way you could address the problem. I'm cutting into my rebuttal time. If you'd like to hear about Rule 26, that's a little bit of a messier area, but we can, I guess, take that up on rebuttal if you've got any questions. Thank you. Very well. Thank you for your argument. Oh, wait. Did I have eight? I was... No. Sorry. I misread the clock. I misread your clock, how it works. Thank you. All right. Mr. Leppert, we'll hear from you. May it please the Court, Val Leppert for the Appellate Code of Class. After reading hundreds of pages submitted by the parties and holding a multi-hour hearing, the district court issued a careful 45-page order in which it carefully parsed through the various challenges to expert testimony and ultimately decided that Dr. Goh could not offer an opinion on specific causation. It did so on two alternative grounds, each of which is entitled to deference in this court. Number one, the court found that there was an original violation of 26A in the report, which then leads to the first sentence that this court has described as self-executing in 37C1. There was no attempt by the plaintiff to show harmlessness in the trial court. The arguments that you're hearing here today are raised for the first time on appeal. It is the burden of the party that has violated Rule 26 to present any showing of harmlessness to the district court. We can talk about the menu options that are in the second sentence of Rule 37, and that sentence says with upon motion. Upon motion, as this court put it in Vandenberg. No such motion was presented to the district court to ask for less a sentence. In other words, this argument about, well, the district court should have considered lesser sanctions, no such argument was made below. It was never offered anything else other than the self-executing sentence. That's what the court was presented with. To say district court abuses discretion based on arguments that were never presented is a far fetch. But there's a second additional rationale the district court found. It found that the report also did not meet the Daubert requirements under Rule 702. And then, I mean, there's no dispute about that. Not even, I don't think the appellant here is challenging that the original report does not satisfy the reliability requirements of 702. The dispute there is about the supplement. The supplement does not qualify as a supplement under 26E because he provided the analysis for the first time. The initial report was a paragraph on specific causation, three sentences. Do you think the supplement rule is limited to information that was not previously available? Have we ever said that? It's not in the text of the rule, per se, as I understand. Yeah, I don't see that, either. I know that your sister circuits, the Ninth Circuit, has said it. I think the best site for that, we have the Ninth Circuit, decision in Luke. We have the Fourth Circuit's decision in EEOC v. Freeman, where they have said it's not a loophole to do the work in the first instance. Right? In other words, he filed, at best, what we considered a placeholder, three sentences. And then the supplement on specific causation is nine pages. So we went from oh, I'm behind you and Judge Colleton. Didn't our Patron or Patroni case v. Werner, doesn't it get awfully close to saying it is a new report? Tell me if I don't get what you all are talking about. Are you familiar with our Patron v. Werner enterprise? We cite the 2019 opinion. And that opinion, I do agree, is very favorable to us because it says the new report shouldn't have been considered. And because it was untimely in disclosure. So that is, all all fours, that is what we are saying. We are citing Patroni as one of our lead cases. I'm sorry, I didn't mean to interrupt you. No, no, you didn't interrupt me. So, so I thought you had said that we had not ruled on this issue about whether it's a new report. Tell me why I'm missing the point. I think the specific question was only is 26E limited to material changes, right? I mean, that seems to be the argument that my colleague is making, right? That essentially, that basically 26E, it would be permissible to present the analysis for the first time so long as you're not contradicting what you said previously. Yeah, even if you could have done it earlier, he's saying we can still supplement as long as there's enough time to pose and so forth. That's my colleague's argument. I think at least your sister circuits have taken that squarely on and have said it's not a loophole to do the work for the first time. But you don't think Patron addresses that specific issue, do you, or do you? So Patron, I'm referring to the 2019 opinion. And there, the holding was that the report in that case did not materially alter the substance. I think that's what my colleague is looking at to distinguish. That's basically the point. But, again, what we don't have in those cases is a violation of 26E's timeliness requirement. What we're omitting here is that we have a violation of the scheduling order in this case. Any 26E supplements, according to the scheduling order, which is document 36 in this case, the scheduling order told the parties that any supplements under 26E had to be provided by the discovery cutoff, which is August 31st, 2021. So even if we just put aside the question, the first question that my colleague wants to talk about, is this materially altering, is that a permissible use of 26E, even if we put that aside for just one moment, I think that Judge Wright's opinion is that this is not a proper supplement. But, and I think she's afforded deference on that, but even if we put that aside for just one moment, it was also untimely under my colleague's interpretation of 26E. Because 26E tells the lawyers that any supplement has to happen by the time pretrial disclosures are due, unless the court states otherwise. If you look at the pretrial, the scheduling order in this case, it did state otherwise. It stated that they would be due at the discovery cutoff. So not only was this an improper supplement, an improper use of 26E, but it was also untimely. And essentially what my colleague is making for the first time on appeal is the argument it was an abuse of discretion not to find that one Rule 26 violation cured another Rule 26 violation.  Never presented below. No showing of no substantial justification. I just heard they're not even going down that route here on appeal. But there was also no attempt to show harmlessness. There was also no attempt below to show we comply with Rule 26. There was no argument that this was timely or this fits under Rule 26E. And bringing it back to my original point, again, these are two alternative grounds that Judge Wright reached. One is to 26A, 37C route. The other one is to exclude it under Daubert and not to consider it a supplement. It was untimely. Those are two alternative rationales. But just sticking with the 37 one, even the dissenting opinion in Patron, Judge Collett's dissenting opinion, points out that there was a motion made. There was a motion made to ask the trial judge to go down to launder list, the menu of options. No such motion was made. When we read the Rule and we stick with the plain text, do you have a question? I don't. No, no, no. No, proceed. Okay. When we read the plain text of the Rule, the first sentence is rightly described by this Court and by the advisory notes as self-executing. The only way you can even get to the second sentence, to the menu of options, is upon motion. And that didn't happen here. So now we cannot fault Judge Wright for not going down to launder list when there was no request made in that sense. I think the second Patron decision said there was an abuse of discretion there and failing to consider the, what you're calling the list, the laundry list. But there was a motion in that case is your point, I guess. That was the import of, or that was part and parcel of your dissent. And I think the preceding decision or seminal decision to this Court is Vandenberg. And in that case, this Court said or imported the language from the advisory notes calling it self-executing. And saying that if you want to go down this menu of options, probably the better word for it, there has to be a motion. And to say that that's outside the range of choice, I just want to address the prejudice part real quick. This was submitted after expert discovery was done, fact discovery was done. It was after summary judgment motions were filed. We would have had to start the whole train all over again. We would have had to talk to our experts about it. We would have had to make a decision whether we now want to take the deposition of Dr. Gold. The fact that it was taken in a different case in New York State, in a different case, when the question is differential diagnosis of a specific mesh injury on a different patient, is of little solace that we took his deposition on a different patient in New York State. That is of little help to us. We would have had to make that decision whether we now want to oppose it. But more important, we have to go to our experts. We have to say there's a new report, there's a new opinion. You have to respond to it. You have to amend your report now. The whole train starts over again. The Daubert briefing starts over again. The summary judgment briefing starts over again. The parties had submitted volumes of briefing on experts, on expert motions, on summary judgment motions. And I think it's well within Judge Wright's discretion to say, I don't want to start this whole train over. I gave you a scheduling order that says the discovery cutoff is August 31st and all your supplements are due before that date. To upset the apple cart at that point is highly prejudicial, not just in the cost, but we're defending hundreds of cases like this around the country. We can't start over and over again just because Dr. Gold can't get his report right earlier. There was no justification, no explanation as to why his original report was so deficient the way it was. I'm over my time. I appreciate you indulging that. I know they're in your brief, and you've said, what were the two cases? There's a what, a Ninth Circuit case and a four? Yes. The first case is Luke versus Family Care. That's Ninth Circuit, 2009. Okay. And the second one is from the Fourth Circuit, EEOC versus Freeman, 2015. Thank you. Sure. Thank you. All right. Thank you for your argument. Mr. Burns, we'll hear rebuttal. Judge Benton, there was a little bit of confusion about Patron. So Patron is not a Rule 26e case. It's a Rule 37 case. Patron 1 was a 16b case. And a 16b case. Yeah. Go ahead. And my colleague was making the right, I guess, substantive point, but talking about the wrong case. I think he misspoke. I think he was talking, meant to talk about Williams against Tesco. That's the one that I think is setting the Rule 26e rule, that it either materially alters or clarifies. And our position is the supplemental declaration didn't materially alter. It just said what he actually did from the beginning. And therefore, it was merely clarifying a proper supplement under Rule 26e. Well, why was it proper if he could have done it originally? Do you disagree with these other circuits who've said you can't just give a partial in the first one and then call the second a supplement? Are we talking about the Rule 26 problem or the Rule 37 problem? The Rule 37 problem, I think that would have to do with substantial justification, which is not the argument we're advancing. Rule 26, I'm afraid. Rule 26e. Rule 26e. As I understand, the other circuits have said you cannot give an incomplete opinion the first time around and then supplement it with something you could have provided originally. Those ones, in my view, are talking about supplementing conclusions, like additional conclusions or additional analysis. Here, he's just saying, like, this is what I did from the beginning. And Coloplast knew that because they've already deposed Dr. Gold in a different case. It is not a surprise to anybody that a medical doctor performed a differential diagnosis or a differential etiology. That's how they come to medical causation opinions. And what about the argument that the supplement was after the deadline? Is that correct? Yes. So, well, we have a reading of the scheduling order that kind of bounces back and forth between Rule 26e and the scheduling order. So the scheduling order talks about disclosures. It doesn't necessarily talk about, sorry, discovery. It talks about discovery responses. It doesn't talk necessarily about disclosures. And so when it says you have to supplement by this day, it's talking about the discovery responses and not the disclosures. So your position is there was no disclosure deadline? The district court didn't set one in the order? Correct. And our view is that goes to the default rule under 26e, which is it's got to be 30-plus days before the trial is calendared. And here, we didn't even have a trial calendar. We just have a trial-ready date. The Rule 26e analysis is more complicated than the Rule 37 analysis. I think you can get to a vacation of the judgment through Rule 37 alone. So the remedy we're asking for is for you to vacate the judgment and remand for further proceedings consistent with your opinion. All right. Very well. Thank you for your argument. Thank you. Thank you to both all counsel. Case is submitted, and the Court will file a decision in due course. That concludes the argument session for this morning. The Court will be in recess until 9 o'clock tomorrow, and you may gavel the proceedings to a close. Thank you.